IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DOMINO TWO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00050-DGK |
| | ) | |
| AUTO-OWNERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DECLINING TO HOLD DISCOVERY DISPUTE TELECONFERENCE**

This case arises from an insurance contract whereby Global Real Estate Investments, LLC ("Global"), as the owner of an apartment complex in Grandview, Missouri, purchased a commercial property and general liability insurance policy from Defendant.[1] Plaintiff Domino Two, LLC, as assignee of Global's rights and claims, alleges Defendant failed to pay an insurance claim. Plaintiff asserts a breach of contract claim as well as a vexatious refusal to pay claim.[2]

Pursuant to Local Rule 37.1, Plaintiff's counsel contacted the Court to request a discovery dispute teleconference. Defendant and Plaintiff's counsel disagree[3] on whether Defendant's underwriting file is relevant to the claims at issue.[4] Relying on *Millinazo v. State Farm Insurance*

---

[1] Though Plaintiffs named Auto-Owners Insurance Company as defendant, the parties appear to be in agreement that Owners Insurance Company, a mutual insurance company within the Auto-Owners Insurance Group, is the proper defendant in this case. *See Who We Are*, Auto-Owners Insurance, https://www.auto-owners.com/about/who-we-are (last visited Feb. 22, 2022).

[2] Plaintiff subtitled its second count "For Fraudulent Misrepresentation By Defendant." This appears to be a typo, as the count itself includes allegations supporting a claim for vexatious refusal to pay and references Mo. Rev. Stat. §§ 375.296 and .420, the Missouri statutes creating a claim for vexatious refusal to pay and defining damages available for such a claim. Compl. ¶¶ 50–56, ECF No. 1-1.

[3] The Court emailed the parties requesting further information regarding this dispute before deciding whether to hold a teleconference. The parties each responded to the Court's email separately, and those responses are attached to this Order.

[4] Plaintiff's email to the Court, as well as its attached proposed motion to compel, represented that Defendant objects to production of the underwriting file on grounds of proprietary business information privilege and that the request

*Co.*, Defendant argues the underwriting file is not relevant because there is no dispute as to whether a policy was in effect at the time of the claimed loss. However, *Millinazo* states that "underwriting files are discoverable in bad faith claims, but in breach of contract claims, only discoverable when the contract terms are ambiguous." *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 702 (S.D. Fla. 2007); *see also Auto-Owners Mut. Ins. Co. v. Bricks & Stones, LLC*, No. 20-2365-JWB, 2021 WL 1166053, at *5 (D. Kan. Mar. 26, 2021) ("Generally, courts have held underwriting files are discoverable in bad faith claims; for breach of contract claims, they're discoverable when the contract terms are ambiguous." (citing 247 F.R.D. at 702)). Because Plaintiff's complaint includes a bad faith claim—that is, vexatious refusal to pay in violation of Mo. Rev. Stat. § 375.420—the Court concludes the underwriting file is relevant.

Defendant also argues that it should not have to produce the underwriting file because discovery closed on February 14, 2022. *See* Am. Scheduling Order, ECF No. 53. The Court does not consider this a serious argument: 1) Both parties have requested and received multiple discovery extensions, and 2) Defendant cannot wrongly withhold relevant documents until after the discovery deadline and then claim that deadline's protection.

Because the law is clear and there is no dispute regarding the underlying facts, the Court declines to hold a teleconference. If Defendant fails to provide Plaintiff the underwriting file on or before March 4, 2022, the Court will entertain a Rule 37 motion. Should such a motion be necessary the Court will deem Plaintiff to have complied with the scheduling order.

**IT IS SO ORDERED.**

Date: February 28, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

was overbroad and unduly burdensome. Defendant, in its response email, argued merely that the underwriting file is irrelevant and that discovery in this matter has closed.