IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DOMINO TWO, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-00050-DGK |
| AUTO-OWNERS INSURANCE CO., | ) ) ) |
| Defendant. | ) |

## ORDER ON DISCOVERY DISPUTE

This case arises from an insurance contract whereby Global Real Estate Investments, LLC ("Global"), as the owner of an apartment complex in Grandview, Missouri, purchased a commercial property and general liability insurance policy from Defendant.[1] Plaintiff Domino Two, LLC, as assignee of Global's rights and claims, alleges Defendant failed to pay an insurance claim. Plaintiff asserts a breach of contract claim as well as a vexatious refusal to pay claim.

Pursuant to Local Rule 37.1, Plaintiff's counsel contacted the Court to request a discovery dispute teleconference. Defendant and Plaintiff's counsel disagree[2] on whether Defendant should be required to produce the analysis and conclusions sections of prior reports drafted for Defendant by Casey Clay ("Clay"), a structural engineer retained by Defendant as an expert witness.

Plaintiff argues that Clay's reports are relevant to his credibility and to whether he is biased

---

[1] Though Plaintiffs named Auto-Owners Insurance Company as defendant, the parties appear to be in agreement that Owners Insurance Company, a mutual insurance company within the Auto-Owners Insurance Group, is the proper defendant in this case. *See Who We Are*, Auto-Owners Insurance, https://www.auto-owners.com/about/who-we-are (last visited Feb. 22, 2022).

[2] The Court emailed the parties requesting further information regarding this dispute before deciding whether to hold a teleconference. The parties each responded to the Court's email separately, and those responses are attached to this Order. Ex., ECF No. 99-1. Plaintiff's response included the formal request for production of documents, as well as Defendant's formal response, which the Court has also attached. Pl.'s RFP, ECF No. 99-2; Resp., ECF No. 99-3.

towards Defendant in his determinations of whether a property has been damaged. Defendant argues the request is irrelevant. However, Defendant cites only to cases where a court held that prior expert reports—prepared in advance of litigation as required by Fed. R. Civ. P. 26 (a)(2)(B)— were held to be irrelevant. In all but one of these cases, the court held that such reports were beyond the scope of discovery because the defendant was only required—by Rule 26 (a)(2)(B)(v)—to provide a list of cases in which the expert had testified during the preceding four years. *See McPherson v. Fla. Dep't of Corr.*, No. 4:19cv156-MW/CAS, 2020 U.S. Dist. LEXIS 225042, at *3 (N.D. Fla. Apr. 2, 2020); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 CIV.11295(CBM), 2003 WL 22227959, at *3 (S.D.N.Y. Sept. 26, 2003) ("The plain language of Rule 26 directs parties to provide a list of cases, not the expert reports relied upon in those cases."); *Von Schwab v. AAA Fire & Cas. Ins. Co.*, No. 114CV00183CMANYW, 2015 WL 1840123, at *2 (D. Colo. Apr. 21, 2015) ("As other courts have held in passing on subpoenas requesting a party's expert's prior expert reports, '[b]y implication' a party 'is not entitled to disclosure of the reports in those [prior] cases, regardless of their subject matter.'" (quoting *Surles v. Air France*, No. 00CIV5004RMBFM, 2001 WL 815522, at *7 (S.D.N.Y. July 19, 2001)).[3]

However, Plaintiff does not seek Clay's expert reports prepared in advance of prior litigation. Instead, Plaintiff seeks reports Clay previously prepared as an insurance investigator on Defendant's behalf. "[F]acts bearing on the credibility of witnesses are relevant to the claims and defenses raised by the pleadings," and therefore are within the scope of discovery under Rule 26. *Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001); *see also E.E.O.C. v. Randall Ford, Inc.*, 298 F.R.D. 573, 575 (W.D. Ark. 2014) ("The information sought could also possibly go to the

---

[3] *Taylor v. Trapeze Management, LLC* is the only case Defendant cites which does not follow this reasoning. In *Taylor*, the court held that a party was not entitled to discovery of prior expert reports where the expert had testified in cases that did not involve similar factual issues to the case at bar. No. 17-62262-CIV, 2019 WL 4731933 (S.D. Fla. Jan. 17, 2019).

2

issue of Martin's credibility as a witness."). Further, discovery into appraisal bias is relevant to a claim for vexatious refusal to pay under Missouri law. *TAMKO Bldg. Prod., Inc. v. Factory Mut. Ins. Co.*, No. 4:10CV891 CDP, 2011 WL 4834460, at *4 (E.D. Mo. Oct. 12, 2011).

Defendant also objects on grounds that the request is overly burdensome because it "does not organize its claims by expert name" and thus "it would take significant effort to gather the reports from its internal system." Ex., ECF No. 99-1. However, Clay indicated in his deposition that his office maintains his reports and would be able to find each of the ten to fifty reports he has issued on Defendant's behalf. Pl.'s RFP, ECF No. 99-2.

Defendant also objects on privilege grounds and on grounds that each report will contain personal information of the insureds. However, Plaintiff seeks only the analysis and conclusions section of each report: that is, the section of the reports which, taken together, would indicate the frequency with which Clay sides with the insurance company. Further, Plaintiff has already contemplated that Defendant will redact all substantive information regarding other parties or other insurance claims and all personal information contained in the reports. Ex.

The Court therefore declines to hold a teleconference. If Defendant fails to provide Plaintiff the underwriting file on or before June 23, 2022, the Court will entertain a Rule 37 motion. Should such a motion be necessary the Court will deem Plaintiff to have complied with the scheduling order.

**IT IS SO ORDERED.**

Date: June 16, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

3

Case 4:21-cv-00050-DGK   Document 99   Filed 06/16/22   Page 3 of 3