IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DOMINO TWO, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-00050-DGK ) |
| AUTO-OWNERS INSURANCE CO., | ) ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This case arises from an insurance contract whereby Global Real Estate Investments, LLC ("Global"), the owner of an apartment complex in Grandview, Missouri, purchased a commercial property and general liability insurance policy from Defendant.[1] Plaintiff Domino Two, LLC, as assignee of Global's rights and claims, alleges Defendant failed to pay an insurance claim for wind and hail damage from a storm in April 2019. Plaintiff asserts claims for breach of contract and vexatious refusal to pay.

Now before the Court is Plaintiff's Partial Motion for Summary Judgment on its claim for vexatious refusal to pay. ECF No. 76. Because Plaintiff has not shown that Defendant breached the insurance contract, the motion is DENIED.

**Summary Judgment Standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S.

---

[1] Though Plaintiffs named Auto-Owners Insurance Company as defendant, the parties appear to agree that Owners Insurance Company, a mutual insurance company within the Auto-Owners Insurance Group, is the proper defendant in this case. *See Who We Are*, Auto-Owners Insurance, https://www.auto-owners.com/about/who-we-are (last visited July 18, 2022).

317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving part[ies]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of showing this lack of genuine dispute as to any material fact, *Celotex Corp.*, 477 U.S. at 323, and the Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). To survive a motion for summary judgment, the nonmoving party must nonetheless substantiate their allegations "with sufficient probative evidence [that] would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations omitted).

## Undisputed Material Facts[2]

The Court considers the following facts in the light most favorable to Defendant. In 2019, Greg and Stacy Rich (collectively, the "Riches"), along with Shaun McNamara, owned Cedarwood Apartments, an apartment complex in Grandview, Missouri which consists of sixteen separate buildings ("property"). Greg Rich and Shaun McNamara were the principal members of Global Real Estate Investments, LLC ("Global"). On September 25, 2018, Defendant issued Global an insurance policy on the property for the policy period of November 14, 2018, to November 14, 2019 ("Policy"). Policy at 12–28, Def. Ex. 1, ECF No. 66-1.

Relevant to the instant motion, the Policy provided hail and wind storm coverage, but this

---

[2] The Court excluded asserted facts properly controverted by the parties, immaterial facts, facts not properly supported by admissible evidence, legal conclusions, and argument presented as an assertion of fact. Fed. R. Civ. P. 56(c)(1).

coverage excluded damage resulting from "wear and tear" and "faulty, inadequate, or defective . . . [d]esign, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction . . . [and] maintenance of part or all of any property on or off the described premises." *Id.* at 103–04.

In April of 2019, a hail and wind storm hit the property. On April 26, 2019, Global filed a claim ("April 2019 Claim") on the policy for damage to roofs, siding, windows, doors, HVAC systems, and other exterior components of the buildings. The claim noted that the roofs of many of the buildings were leaking. Claim at 2, Def. Ex. 2, ECF No. 66-2. On September 25, 2019, Defendant issued Global a check for $2,817.46 for "minor wind/hail damage to the buildings." Ultimately, Defendant paid a total of $5,134.72 on this claim.[3]

In September 2019, Billie Hufford, a rental inspector for the City of Grandview ("City"), inspected the property as part of the City's Rental Inspection Program. On October 1, 2019, Ms. Hufford wrote a letter to Messrs. Rich and McNamara informing them that the property violated multiple provisions of the city's Minimum Building Preservation Code. Hufford Letter, Def. Ex. 3 at 6–8, ECF No. 66-3. Messrs. Rich and McNamara then hired Pyramid Roofing Company ("Pyramid"), who charged $176,000 to replace each roof[4] on the property and $359,537.50 to complete all other repairs required by the City. These repairs required a subcontractor to remove and replace siding, exterior doors, and windows on each of the buildings.[5] The total bill for all of this work was $535,537.50.

---

[3] On May 11, 2020, Defendant paid Global $523.45 after Rich sent him a final invoice regarding the hail damage. On February 8, 2022, Defendant's Counsel sent Plaintiff's Counsel a check for $1,793.72 for damage to buildings resulting from the April 2019 storm. Pl. Ex. 1, ECF No. 73-1.

[4] Plaintiff asserts that another contractor replaced one roof on the property before Pyramid began work. Pl. Resp. to Def.'s Statement of Uncontroverted Facts ¶ 16, ECF No. 73. The Court makes no finding regarding this allegation.

[5] The Court has included a more detailed account of the non-roofing related repairs required by the City in its prior Order granting Defendant's partial motion for summary judgment. *See* Order at 4–6, ECF No. 102.

On September 15, 2020, Plaintiff purchased the property from the Riches and Mr. McNamara. As part of the sale, Plaintiff also purchased their interest in "all existing insurance coverage, claims, proceeds, or any other insurance-related items, including . . . all claims, benefits or causes action against [the Policy]." Initial Disclosures at 6, Def. Ex. 6, ECF No. 66-6.

## Procedural History

On December 4, 2020, Plaintiff brought this suit in the Circuit Court for Jackson County, Missouri. Plaintiff alleged that Defendant refused to pay any of the bill from Pyramid beyond the $5,134.72 it paid on the April 2019 Claim, and that this constituted a breach of contract (Count I) and vexatious refusal to pay (Count II).[6] Compl., ECF No. 1.

Regarding the portion of Pyramid's bill relating to the non-roofing related repairs required by the City, Plaintiff previously sought damages of $107,861.25. Order, ECF No. 102. Defendant moved for partial summary judgment on this claim, ECF No. 66, which the Court granted. *Id.* Thus the only remaining portion of this lawsuit is Plaintiff's claims 1) that Defendant breached the insurance policy by failing to pay the $176,000 portion of Pyramid's bill relating to the roof repairs,[7] and 2) that Defendant's failure to pay this portion of the bill constituted vexatious refusal to pay under Mo. Rev. Stat. § 375.420.

## Discussion

Plaintiff now moves for summary judgment on its vexatious refusal to pay claim only. Because this case arises under the Court's diversity jurisdiction, Missouri law governs the Court's construction of the Policy. *J.E. Jones Const. Co. v. Chubb & Sons, Inc.*, 486 F.3d 337, 340 (8th

---

[6] Plaintiff's subtitled Count II "For Fraudulent Misrepresentation By Defendant." This is a typo: the count itself includes allegations supporting a claim for vexatious refusal to pay and references Mo. Rev. Stat. §§ 375.296 and .420, the Missouri statutes creating a claim for vexatious refusal to pay and defining damages available for such a claim. Compl. ¶¶ 50–56, ECF No. 1-1.

[7] Other than the $5,134.72 Defendant previously paid.

Cir. 2007). In order to establish vexatious refusal to pay, Plaintiff must prove 1) that it had an insurance policy with Defendant, 2) that Defendant refused to pay, and 3) that Defendant's refusal to pay "was without reasonable cause or excuse." *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006). "However, where an insurer [has] no duty to pay under the insurance policy, there cannot be a claim for vexatious refusal to pay." *Progressive Preferred Ins. Co. v. Reece*, 498 S.W.3d 498, 506 (Mo. Ct. App. 2016); *see also Hartwell v. Am. Fid. Assurance Co.*, 607 S.W.3d 807, 815 (Mo. Ct. App. 2020) (noting that a vexatious refusal to pay claim is "derivative to a claim for breach of contract").

Because it has not yet been adjudicated whether Defendant breached the Policy, summary judgment is not appropriate. Even if that issue were properly before the Court, there exist sufficient facts in the record whereby a reasonable jury could conclude that the damage resulted from wear and tear or inadequate maintenance—and thus that Defendant did not breach the Policy. *See* Clay Dep. 57:25–60:16, 86:1–87:21, Def.'s Ex. 7, ECF No. 85-2; Storm Damage Assessment, Pl.'s Ex. 3 at 20, ECF No. 77-3 ("EFI observed other issues to the roof shingles not attributable to hail or wind related damage. . . . The erosion of the granules covering the shingles was consistent with long-term age and weathering. The poorly bonded shingles resulted from a loss of bond with the adhesive strip due to long-term aging and poor nailing practices, not wind damage."). As such, Plaintiff is not entitled to summary judgment on its claim for vexatious refusal to pay.

## Conclusion

Plaintiff's motion for partial summary judgment is DENIED.

**IT IS SO ORDERED.**

Date: July 19, 2022　　　　　　　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT