# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

DOMINO TWO LLC, )
)
    Plaintiff, )
)
v. )     No. 4:21-cv-00050-DGK
)
AUTO-OWNERS INSURANCE )
COMPANY, )
)
    Defendants. )

## ORDER DENYING MOTION TO EXCLUDE DEFENDANT'S EXPERT

This case arises from an insurance contract whereby Global Real Estate Investments, LLC ("Global"), the owner of an apartment complex in Grandview, Missouri, purchased a commercial property and general liability insurance policy from Defendant. Plaintiff Domino Two, LLC, as assignee of Global's rights and claims, alleges Defendant failed to pay an insurance claim for wind and hail damage from a storm in April 2019. Plaintiff asserts claims for breach of contract and vexatious refusal to pay.

Now before the Court is Plaintiff's motion to exclude the expert testimony of Defendant's Expert Casey Clay, ECF No. 86. For the reasons stated below, the motion is DENIED.

### Background

Global filed a claim with Defendant, via Anchor Insurance Agency, Inc., on April 26, 2019. Defendant received the claim on May 17, 2019. Defendant subsequently retained Casey Clay, P.E., who inspected the property on July 9, 2019. Clay's August 10, 2019, report and his December 6, 2021, addendum state that the roofs on the property had no hail damage from the storm, and that wind damage to the roofs could not have been caused by the April 2019 storm and instead resulted from improper installation of the shingles. Clay Report at 21, ECF No. 93-1; Clay Addendum at

4–9, ECF No. 86-3. Clay also noted that roof shingles had "severe granule erosion" consistent with long-term age and weathering. *Id.* Plaintiff now seeks to exclude any testimony from Clay regarding the repairability of the roofs and whether they were properly installed.

## Standard

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Under Federal Rule of Evidence 702, reliability may turn on several factors:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying [the] conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757–58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility, *id*. at 758, as Rule 702 is "one of admissibility rather than exclusion." *Arcoren v. United States*, 929 F.2d 1235, 1239 (8th Cir. 1991).

The Court also notes Rule 702 speaks only to its role as gatekeeper. The credibility and weight of testimony is left to the trier of fact. *See, e.g.*, *Arkwright Mut. Ins. Co. v. Gwinner Oil., Inc.*, 125 F.3d 1176, 1183 (8th Cir. 1997).

2

## Discussion

Plaintiff seeks to exclude Clay's testimony on the grounds that Clay, a structural engineer, has "never installed a roof or a single shingle," never supervised a roof install, and otherwise has no roofing experience. Mot. at 5, ECF No. 86. The Court is not persuaded by Plaintiff's argument that an individual who has nailed only one shingle is somehow more qualified to assess the extent and cause of roof damage than a structural engineer who—despite having never nailed a shingle—has over fifteen years of engineering experience and is certified as both a commercial and residential roof inspector. *See* Clay Curriculum Vitae, Ex. 3, ECF No. 93-3. Clay is qualified to offer his opinion. Plaintiff is free to question Clay about his alleged lack of experience as a roofer on cross-examination.

Plaintiff also argues that Clay's opinions regarding the installation of the roofs should be struck because 1) Clay only reviewed the roofs for the purpose of assessing wind and hail damage, and not the quality of construction, and 2) Clay only reviewed ten of the sixteen roofs on the property. Regarding Plaintiff's first argument, Clay reviewed the roofs to determine the cause of the roof damage and determined that poor installation—not wind and hail—had caused the damage. Regarding Plaintiff's second argument, Plaintiff does not explain why Clay's failure to examine every roof makes his opinion so unreliable that it can offer no assistance to the jury. Plaintiff is free to raise these issues on cross-examination.

## Conclusion

For the reasons above, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date:  August 9, 2022                          /s/ Greg Kays
                                                GREG KAYS, JUDGE

UNITED STATES DISTRICT COURT