IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DOMINO TWO LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00050-DGK |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO EXCLUDE PLAINTIFF'S EXPERT

This case arises from an insurance contract whereby Global Real Estate Investments, LLC ("Global"), the owner of an apartment complex in Grandview, Missouri, purchased a commercial property and general liability insurance policy ("Policy") from Defendant. Plaintiff Domino Two, LLC, as assignee of Global's rights and claims, alleges Defendant failed to pay an insurance claim for wind and hail damage from a storm in April 2019. Plaintiff asserts claims for breach of contract and vexatious refusal to pay.

Now before the Court is Defendant's motion to exclude the expert testimony of Plaintiff's Expert Bryan Manning, ECF No. 89. For the reasons stated below, the motion is GRANTED.

**Background**

Global filed a claim with Defendant, via Anchor Insurance Agency, Inc., on April 26, 2019. Defendant received the claim on May 17, 2019. Defendant subsequently retained Casey Clay, P.E., who inspected the property on July 9, 2019, and submitted a report to Defendant on August 10, 2019. In the report, he opined that the roofs on the property had no hail damage from the storm, and that damage to the roofs could not have been caused by the April 2019 storm and instead resulted from improper installation of the shingles. Clay Report at 21, ECF No. 93-1. Clay also

noted that roof shingles had "severe granule erosion" consistent with long-term age and weathering. *Id.* Plaintiff retained Brian Manning, who inspected the property and issued a report taking issue with Clay's report and concluding that that hail and wind damage occurred on the property. Manning Report, ECF No. 90-1.

Defendant now seeks to exclude any testimony from Manning regarding the cause of the damage to the roofs, whether the damage was covered under the Policy, and whether roofs were repairable.

**Standard**

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Under Federal Rule of Evidence 702, reliability may turn on several factors:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying [the] conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757–58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility, *id.* at 758, as Rule 702 is "one of admissibility rather than exclusion." *Arcoren v. United States*, 929 F.2d 1235, 1239 (8th Cir. 1991).

The Court also notes Rule 702 speaks only to its role as gatekeeper. The credibility and weight of testimony is left to the trier of fact. *See, e.g.*, *Arkwright Mut. Ins. Co. v. Gwinner Oil., Inc.*, 125 F.3d 1176, 1183 (8th Cir. 1997).

**Discussion**

Defendant seeks to exclude Manning's testimony as to the cause of the damage on a number of grounds. Most notably, Defendant argues that Manning's testimony as to causation is not the product of reliable principles and methods. The Court agrees.

Manning's report lists the following as his methodology: He asks a property owner the following questions: "How long have you owned the property?", "When did the damage take place?", "How old is your roofing system?", "Have you filed an insurance claim?", "How long have you been with your carrier?", "Has anyone conducted repairs to the roofing system?", and "Can you provide us with any documentation?" Manning Report at 2. After asking these questions, Manning reviews the information provided and schedules a site visit to conduct an inspection. *Id.* Manning's report provides no further detail as to his methodology for determining the cause of roof damage, and he testified that he did not follow any scientific method for determining the cause of the damage to the roofs. Sept. 2021 Manning Dep. At 101:22–102:2, ECF No. 90-3.

Manning nonetheless concluded that, based on his experience, collateral damage to metal on the roofs, and reference to a technical bulletin from a shingle manufacturer led him to believe that hail and wind damaged the roofing system. Manning Report at 2. Manning fails to sufficiently explain his methodology. The Court is not required "to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 519 (1997). Further, when asked whether he believed the damage to the roofs was caused by

3

a windstorm, Manning stated "I don't know what [the damage] was caused because I wasn't there at the time." Sept. 2021 Manning Dep. At 105:22–25. The Court therefore excludes Manning's testimony as to causation since it does not meet the requirements of *Daubert* and Rule 702.

Defendant next argues that Manning's opinion regarding whether the Policy covered the loss should be excluded. Plaintiff states in its response to the motion that Manning will not be offered to interpret the insurance policy. Suggestions in Opp'n at 7, ECF No. 96. However Plaintiff's expert disclosures list Manning as having knowledge of "the investigation by [Defendant], the ultimate report and response by [Defendant], and other information related to the Property damage, repair, and response by [Defendant]." Pl's Expert Disclosures at 2, ECF No. 42. Further, Manning's Report opines that a wear and tear exclusion is not applicable to a claim for hail and wind storm damage. Manning Rep. at 8 ("If wear and tear were an actual exclusion for coverage on a storm loss, then no roof would be covered except perfectly installed brand new roofs, because all dwellings/buildings have at least some wear and tear. In that case, no building would be covered except perhaps window panes) and coverage would be illusory, e.g. and [sic] illusion. **Any argument to the contrary is utter nonsense**.") (emphasis in original).

Manning's opinions as to insurance coverage likewise fail to meet the requirements of *Daubert* and Rule 702. Manning is not qualified to testify on the issue of insurance coverage. He testified that he has no expertise in insurance coverage and policy interpretation. Manning Sept. 2021 Dep. 31:18–22; 40:1–17. Further, Manning testified that he has never read the wear and tear exclusion in the Policy. *Id.* at 33:3–34:14. As such, the Court concludes that Manning is neither qualified to opine on the issue of coverage nor has he based his opinion on relevant facts. His opinions regarding insurance coverage are excluded.

Finally, Defendant seeks to exclude Manning's opinion regarding the repairability of the roof. Manning's report states that the roofs were not repairable, and thus a full replacement would be needed. The only basis for Manning's opinion which he includes in his report is that "the repairs would cascade as soon as [he] removed a shingle," and that Defendant's adjuster "did not disagree" with his opinion. Manning Report at 7, ECF No. 90-1. Manning's report provides no further basis for his opinion. Given the conclusory nature of Manning's opinions regarding repairability, Plaintiff has failed to show that they meet the standard required by *Daubert* and Rule 702. As such, they are excluded. *See Parrish v. Bentonville Sch. Dist.*, 896 F.3d 889, 896 (8th Cir. 2018) ("A district court does not abuse its discretion in excluding a conclusory, non-specific report.).

## Conclusion

For the reasons above, Defendant's motion is GRANTED.

**IT IS SO ORDERED.**

Date: August 9, 2022                          /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT