IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DOMINO TWO LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AUTO-OWNERS INSURANCE )<br>COMPANY, )<br>)<br>Defendants. ) | No. 4:21-cv-00050-DGK |

### ORDER DENYING PLAINTIFF'S MOTION IN LIMINE, ECF NO. 103

This case arises from an insurance contract whereby Global Real Estate Investments, LLC ("Global"), the owner of an apartment complex in Grandview, Missouri, purchased a commercial property and general liability insurance policy from Defendant. Plaintiff Domino Two, LLC, as assignee of Global's rights and claims, alleges Defendant failed to pay an insurance claim for wind and hail damage from a storm in April 2019. Plaintiff asserts claims for breach of contract and vexatious refusal to pay.

Now before the Court is Plaintiff's motion in limine to exclude testimony regarding Defendant's improper installation defense. ECF No. 103. For the reasons stated below, the motion is DENIED.

### Background

In 2019, Greg and Stacy Rich (collectively, the "Riches"), along with Shaun McNamara, owned Cedarwood Apartments, an apartment complex in Grandview, Missouri which consists of sixteen separate buildings ("property"). Greg Rich and Shaun McNamara were the principal members of Global Real Estate Investments, LLC ("Global"). On September 25, 2018, Defendant issued Global an insurance policy on the property for the policy period of November 14, 2018, to

November 14, 2019 ("Policy"). Policy at 12–28, Def. Ex. 1, ECF No. 66-1. The Policy provided hail and wind storm coverage, but this coverage excluded damage resulting from "wear and tear" and "faulty, inadequate, or defective . . . [d]esign, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction . . . [and] maintenance of part or all of any property on or off the described premises." *Id.* at 103–04.

In April of 2019, a hail and wind storm hit the property. On April 26, 2019, Global filed a claim ("April 2019 Claim") on the policy for damage to roofs, siding, windows, doors, HVAC systems, and other exterior components of the buildings. The claim noted that the roofs of many of the buildings were leaking. Claim at 2, Def. Ex. 2, ECF No. 66-2. Defendant received the claim on May 17, 2019.

Defendant subsequently retained Casey Clay, P.E., who inspected the property on July 9, 2019, and submitted a report to Defendant on August 10, 2019. In the report, he opined that the roofs on the property had no hail damage from the storm, and that damage to the roofs could not have been caused by the April 2019 storm and instead resulted from improper installation of the shingles. Clay Report at 21, ECF No. 93-1. Clay also noted that roof shingles had "severe granule erosion" consistent with long-term age and weathering. *Id.*

On September 25, 2019, Defendant issued Global a check for $2,817.46.[1] Def. Ex. D, ECF No. 121-4. That same day, Defendant's adjustor, Mike Sola, emailed Greg Rich to tell him that—based on his inspection of the property, Clay's inspection, and the inspection of an independent appraiser—the buildings had sustained minor wind and hail damage. *Id.* Sola noted that the amount Defendant was willing to pay was limited because "[m]ost of what we experienced is the deterioration (wear/tear) of the buildings, specifically the roofs, due to age and exposure." *Id.*

---

[1] Ultimately, Defendant paid a total of $5,134.72 on this claim. *See* Order at 3, ECF No. 102.

2

Also in September 2019, Billie Hufford, a rental inspector for the City of Grandview ("City"), inspected the property as part of the City's Rental Inspection Program. On October 1, 2019, Ms. Hufford wrote a letter to Messrs. Rich and McNamara informing them that the property violated multiple provisions of the city's Minimum Building Preservation Code. Hufford Letter, Def. Ex. 3 at 6–8, ECF No. 66-3. However, the letter only required repairs to roofs on two buildings on the Property: Building 5506 and 5507. *Id.* Messer's Rich and McNamara then hired Pyramid Roofing Company ("Pyramid") to replace each roof on the property.[2] Order at 6, ECF No. 102. Pyramid charged $176,000 for this work, and replaced every roof by November 5, 2019. *Id.*

On December 26, 2019, Defendant sent Global it's coverage position letter, which asserted the wear and tear exclusion and included a copy of Clay's report. Pl.'s Ex. 5, ECF No. 103-5. The coverage position letter stated that that the letter was "not intended to be an exhaustive statement of [Defendant's] position concerning its coverages under the [P]olicy." *Id.*

On September 15, 2020, Plaintiff purchased the property from the Riches and Mr. McNamara. As part of the sale, Plaintiff also purchased their interest in "all existing insurance coverage, claims, proceeds, or any other insurance-related items, including . . . all claims, benefits or causes action against [the Policy]." Initial Disclosures at 6, Def. Ex. 6, ECF No. 66-6.

On December 4, 2020, Plaintiff brought this suit in the Circuit Court for Jackson County, Missouri. Plaintiff alleged that Defendant refused to pay any of the bill from Pyramid beyond the amount it had already paid on the April 2019 Claim, and that this constituted a breach of contract (Count I) and vexatious refusal to pay (Count II). Compl., ECF No. 1. Defendant filed its answer on January 26, 2021, asserting a number of affirmative defenses. Answer, ECF No. 5. The two

---

[2] Though it is not material to this motion, it appears from the record that a different contractor replaced one roof on the property. *See* Manning Report at 8, ECF No. 90-1.

3

relevant to this motion are Defendant's Fourth Affirmative Defense—that damage caused by wear and tear is excluded under the Policy ("wear and tear defense")—and its Fifth Affirmative Defense—that damage resulting from improper installation is excluded under the Policy ("improper installation defense").

**Discussion**

As an initial matter, the Court notes that Plaintiff's motion is a dispositive motion seeking to prevent Defendant from asserting an affirmative defense. "Normally, motions in limine are not proper procedural devices for the wholesale disposition of theories or defenses." *Kaplan v. Mayo Clinic*, 947 F. Supp. 2d 1001, 1012 (D. Minn. 2013) (citation omitted); *see also Harrington v. City of Council Bluffs*, 902 F. Supp. 2d 1195, 1198 (S.D. Iowa 2012) ("Although labeled as motions in limine, Defendants' first three motions are actually dispositive motions. Since they were not filed by the deadline for dispositive motions, they are hereby stricken as untimely."). The Court therefore denies Plaintiff's motion since Plaintiff could have made it prior to the dispositive motion deadline. That said, if the Court ruled on the merits it would still deny the motion for the reasons stated below.

Plaintiff argues that Defendant should be estopped from asserting the improper installation defense. "[E]stoppel requires '(1) an admission, statement or act inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such admission, statement or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act.'" *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 388 (Mo. 1989) (quoting *Mississippi–Fox Drainage Dist. v. Plenge*, 735 S.W.2d 748, 754 (Mo.App.1987)). Plaintiff argues that Messrs. Rich and McNamara—its predecessors in interest—relied on Mike Sola's representation that wear and tear caused the

4

damage to the roofs and thus decided to have the roofs replaced in the fall of 2019. Because Defendant did not assert the improper installation defense until after the roofs were replaced, Plaintiffs argue they are injured because they are unable to present evidence to show how the previous roofs were installed. Mot. at 4, ECF No. 103.

The motion fails to demonstrate the first and third elements of estoppel. First, Defendant has not made any admission, statement, or act inconsistent with its assertion that wear and tear caused the damage to the roofs. "Absent a statement which excludes other defenses and upon which the insured reasonably relies in preparing to preserve its claim, estoppel is not applicable." *Brown*, 776 S.W.2d at 389; *see also Shelby v. Oak River Ins. Co.*, No. 4:17-CV-0224-DGK, 2018 WL 2013043, at *5 (W.D. Mo. Apr. 30, 2018). While Mike Sola's September 25, 2019, email stated that the much of the damage to the roofs was due to wear and tear, the email did not state that the wear and tear exclusion was the only applicable exclusion under the Policy. Further, Defendant's coverage position letter expressly stated that it was not "an exhaustive statement of [Defendant's] position concerning its coverages under the [P]olicy." Pl.'s Ex. 5, ECF No. 103-5.

In addition, Plaintiff has failed to show that it is prejudiced by Defendant's assertion of the improper installation defense. Each of Plaintiff's disclosed experts inspected the roofs prior to the replacement. Pl.'s Expert Disclosure, ECF No. 42. Further, Plaintiff's expert Brian Manning had access to Clay's report when he inspected the roof, and noted that the roofs had been improperly installed. Manning Report at 5, ECF No. 90-1 ("Based on the fact that these roofs have 2 layers of shingles and no ventilation, the premature aging would have been accelerated.") As such, the Court concludes that Defendant is not estopped from asserting the improper installation defense.

Plaintiff also asserts that Defendant has waived its improper installation defense because Defendant failed to disclose that it would assert the improper installation defense until it filed its

5

answer on January 26, 2021.  Waiver is the intentional relinquishment of a known right, and requires either 1) an express waiver by the insurer or 2) "conduct which clearly and unequivocally shows a purpose by the insurer to relinquish a contractual right."  *Brown*, 776 S.W.2d at 387; s*ee also Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 342 (8th Cir. 2009).

Plaintiff has not shown that Defendant expressly waived its right to assert the improper installation defense or that Defendant's actions showed a purpose to relinquish that right.  In fact, Defendant's coverage position letter indicates that Defendant desired to maintain all of its rights under the Policy.  Defendant has not waived the improper installation defense.

## Conclusion

For the reasons above, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date:  August 9, 2022                               /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT