# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DOMINO TWO, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-00050-DGK |
| AUTO-OWNERS INSURANCE CO., | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR SANCTIONS

Now before the Court is Plaintiff's motion for sanctions under Rule 37.1(b), ECF No. 107. Plaintiff argues that Defendant has failed to abide by the Court's prior Order, ECF No. 99, which required Defendant to produce the analysis and conclusions section of all insurance investigation reports conducted by Defendant's expert Casey Clay on Defendant's behalf. Plaintiff argues that—because Defendant's did not produce any of Clay's reports conducted prior to the fall of 2018—the Court should admonish the jury either that 1) if it finds for Plaintiff on its breach of contract claim, it must find for Plaintiff on its vexatious refusal to pay claim, or that 2) Clay is biased in favor of Defendant. In addition, Plaintiff seeks monetary sanctions.

Defendant correctly points out that the Court's Order requiring Defendant to produce all of Clay's prior reports was premised on Clay's indication that his company would be able to find every report he made on Defendant's behalf. Order at 3, ECF No. 99; Pl.'s RFP, ECF No. 99-2. However, prior to the fall of 2018, Clay worked for Unified. Ward Aff. ¶ 4, ECF No. 131-5. EFI Global—Clay's current employer and the engineering company Defendant hired to inspect the property at issue in this case—absorbed Unified in 2018. *Id.* ¶ 5. Though EFI Global possesses Unified's legacy data, this data is not searchable. *Id.* ¶ 9 ("[T]hese Unified documents are not organized by client, employee name, insured name, claim number, or even work type.").

Defendant was unaware of this issue until it attempted to find Clay's reports from prior to the fall of 2018, and states that the time to manually search through each of the files would be unduly burdensome. Alternatively, Defendant found 1,200 instances where it paid Unified, but states that it would take 100 man-hours to review these instances to determine whether Casey Clay was the assigned engineer. Rizzo Aff., ECF No. 131-8.

The Court therefore declines to issue sanctions. Defendant would be overly burdened if it were required to comply further with the Court's prior Order. In addition, Clay believes that he did not do any work for Defendant before he became an employee of EFI Global, and thus further searching would be unlikely to produce any discoverable reports. Clay Aff. ¶ 7, ECF No 131-6. Plaintiff's motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Date: <u>August 9, 2022</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT