IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DOMINO TWO LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00050-DGK |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE, ECF NO. 105

This case arises from an insurance contract whereby Global Real Estate Investments, LLC ("Global"), the owner of an apartment complex in Grandview, Missouri, purchased a commercial property and general liability insurance policy from Defendant. Plaintiff Domino Two, LLC, as assignee of Global's rights and claims, alleges Defendant failed to pay an insurance claim for wind and hail damage from a storm in April 2019. Plaintiff asserts claims for breach of contract and vexatious refusal to pay.

Now before the Court is Plaintiff's motion in limine requesting the Court either order Defendant to produce a Rule 30(b)(6) corporate representative at trial or requesting leave for Plaintiff to conduct a 30(b)(6) representative, ECF No. 105. Plaintiff requests a corporate representative in order to discuss the underwriting file, which Plaintiff was unable to access until April 7. Mot. at 2, ECF No. 105. Plaintiff argues that because Defendants produced the underwriting file so late—nearly two months after discovery closed and after Defendant objected to producing the file, *see* Order, ECF No. 63—Plaintiff should be allowed to conduct limited 30(b)(6) discovery or compel Defendant to produce a corporate representative at trial. However, Plaintiff's late access to the underwriting file is not solely attributable to Defendant. Plaintiff first

sought a teleconference with the Court regarding Defendant's objections to production of the file on November 29, 2021. Mot., ECF No. 44. On December 9, 2021, the Court denied Plaintiff's motion without prejudice for failure to comply with the Court's local rules regarding discovery disputes. Order, ECF No. 49; *see also* L.R. 37.1. Plaintiff did not request the Court hold a teleconference on this matter until February 11, 2022, Email Exchange at 3, ECF No. 63-1, and thus the Court did not require Defendant produce the file until February 28, 2021. *See* Order, ECF No. 63.

Further, Plaintiff's motion is essentially a discovery motion brought as a motion in limine. February 14, 2022 was the deadline for discovery motions in this matter. Scheduling Order, ECF No. 54. The Court therefore DENIES Plaintiff's motion.

## Conclusion

For the reasons above, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date: August 10, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT